UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| INNOVEST HOLDINGS, LLC, | Case No.: 13-22748-RDD |
| Debtor. | |

------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE OF THE ESTATE OF INNOVEST HOLDINGS, LLC, | |
| Plaintiff, | Adv. Pro. No.: |
| -against- | |
| POL MARKETING, INC., JERZY SLEDZIEJOWSKI, and MONIKA WROBEL, | **COMPLAINT** |
| Defendants. | |

------------------------------------------------------------------x

Marianne T. O'Toole, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of

Innovest Holdings, LLC (the "Debtor"), by her attorneys, LaMonica Herbst & Maniscalco, LLP,

as and for her complaint (the "Complaint") against defendants Pol Marketing, Inc. (the "POL"),

Jerzy Sledziejowski ("Jerzy") and Monika Wrobel ("Wrobel", and together with POL and Jerzy,

the "Defendants"), alleges as follows:

## INTRODUCTION

Like the Debtor, Defendant POL was yet another entity used by Roman Sledziejowski

("Sledziejowski") to further his scheme to defraud legitimate investors.  Defendant POL was an

instrumentality of the Debtor's and Sledziejowski's fraud as it served no business purpose except

to be used as a vehicle to funnel money, in an amount of no less than $259,587.36, to

Sledziejowski's wife, Defendant Wrobel, and/or father, Defendant Jerzy.  In fact, Sledziejowski

transferred his ownership in Defendant POL to Defendant Jerzy during the time of his fraudulent

scheme to facilitate the Debtor's remittance of such Transfers (as defined below).  Accordingly,

the Defendants must return the extensive Transfers received from the Debtor for the benefit of

legitimate creditors.

## NATURE OF THE ACTION

1.      This adversary proceeding is brought by the Trustee, *inter alia*, to (i) avoid and

recover the Transfers made by the Debtor to the Defendants as both actual and constructive

fraudulent transfers, (ii) to recover damages relating to Sledziejowski's and the Defendants'

conspiracy to defraud the Debtor's creditors, (iii) to recover damages relating to the failure of the

Defendants to repay the Transfers, and (iv) for the turnover and an accounting of the Transfers.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and

1334(b).

3.      The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 542,

548, 550 and 551, New York State Debtor and Creditor Law §§ 270 et seq., Rules 6009 and 7001

of the Federal Rules of Bankruptcy Procedure and New York common law.

4.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B),

(E), (H) and (O).

## THE PARTIES

6.      The Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

7.      Upon information and belief, Defendant POL Marketing, Inc. is a Delaware

business corporation that purportedly maintains its principal place of business at 132 Todd Hill

Road, LaGrangeville, New York 12540.

8.    Defendant Jerzy is an individual who, upon information and belief, resides at 132 Todd Hill Road, LaGrangeville, New York 12540.

9.    Defendant Jerzy is Sledziejowski's father.

10.    Defendant Wrobel is an individual who, upon information and belief, resides at 195 Evan Drive, Ossining, New York 10562, 250 Gorge Road, Cliffside Park, New Jersey 07010 and/or 132 Todd Hill Road LaGrangeville, New York 12540.

11.    Defendant Wrobel is Sledziejowski's ex-wife.

12.    The divorce of Defendant Wrobel and Sledziejowski was effective as of December 2012.

## PROCEDURAL AND FACTUAL HISTORY

### A.    The Debtor's Bankruptcy Filing

13.    On May 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

14.    By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 10, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T. O'Toole became the permanent trustee of the Debtor's estate.

### B.    The Events Leading to Sledziejowski's and the Debtor's Bankruptcy Filing

15.    On July 18, 2006, the Debtor was formed as a limited liability company in the State of Delaware by Sledziejowski, the 100% owner and sole member of the Debtor.

16.    At all times relevant, Sledziejowski controlled the Debtor.

17.     Sledziejowski, whose Chapter 7 bankruptcy case is currently pending before this Court under case no. 13-22050, appears to have spearheaded a scheme through the Debtor and other corporate vehicles from at least 2008 to May 10, 2013, whereby investment monies were converted for his personal use and/or used to pay among other things, other investors.

18.     The Debtor did not file an income tax return with the Internal Revenue Service for the years that it was in business.

19.     Upon information and belief, according to Sledziejowski's income tax returns and testimony, the Debtor reported zero income from at least 2007 through 2012.

20.     Upon information and belief, at all times relevant, the Debtor never had income.

21.     The Debtor shared offices with TWS Financial, LLC ("TWS"), another company owned by Sledziejowski that is being liquidated by the Securities and Investor Protection Agency in the United States Bankruptcy Court for the Eastern District of New York under Adv. Pro. No. 13-01152, at 739 Manhattan Avenue, Brooklyn, New York 11222 (the "Manhattan Avenue Premises").

22.     At all times relevant, Sledziejowski was the chief executive officer and managing director of TWS.

23.     At all times relevant, the Debtor was the 100% owner of the Debtor.

24.     By seven letters dated from May 14, 2012 through September 14, 2012, the Financial Industry Regulatory Authority ("FINRA") staff requested, pursuant to FINRA Rule 8210, documents and information from Sledziejowski concerning, inter alia, certain business ventures and other activities in which Sledziejowski was engaged outside the scope of his association with TWS.

4

25.     Sledziejowski failed to fully respond to FINRA's first request letter and completely failed to respond to the six subsequent request letters.

26.     On August 29, 2012 and October 2, 2012, Sledziejowski appeared at an on-the-record interview to give testimony to FINRA staff, as requested pursuant to FINRA Rule 8210, but on both occasions Sledziejowski failed to answer substantive questions about various subject matters including business activities in which he was engaged outside the scope of his association with TWS.

27.     On October 3, 2012, Sledziejowski failed to appear at an on-the-record interview as requested by FINRA staff pursuant to FINRA Rule 8210.

28.     On November 28, 2012, FINRA Department of Enforcement filed a disciplinary proceeding against Sledziejowski (the "FINRA Complaint").

29.     Sledziejowski subsequently submitted an offer of settlement to the FINRA Complaint, which was accepted by FINRA's Office of Disciplinary Affairs and an Order Accepting Offer of Settlement was issued on February 1, 2013 (the "FINRA Settlement Order").

30.     According to the FINRA Settlement Order, Sledziejowski defrauded three customers of approximately $4.8 million by converting client funds to his personal use while providing falsified account statements to his customers.

31.     According to the FINRA Settlement Order, between June 2009 and August 2012, Sledziejowski instructed TWS customers to wire funds from their TWS brokerage accounts or bank accounts to the Debtor for investment purposes.

32.     According to the FINRA Settlement Order, Sledziejowski wired funds from customer accounts to the Debtor without the customers' knowledge or consent.

5

33.    According to the FINRA Settlement Order, Sledziejowski provided customers with falsified account statements or account snapshots.

34.    According to the FINRA Settlement Order, although Sledziejowski received almost $5 million of customer funds through fraud and deceit, Sledziejowski only returned approximately $1.5 million to those customers.

35.    On December 11, 2012, FINRA permanently barred Sledziejowski from the investment advisory business for life and, on February 1, 2013, FINRA entered an Order barring Sledziejowski from the industry in all capacities.

36.    On January 15, 2013, Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

37.    By Order dated March 27, 2013, the Court directed the appointment of a Chapter 11 Trustee.

38.    By Notice of Appointment of Chapter 11 Trustee dated March 28, 2013, the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

39.    By Order dated March 28, 2013, the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

40.    By Stipulation and Order dated April 15, 2013, Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013.

41.    By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate.

42.     On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors.

**C.     Sledziejowski's and the Debtor's Pre-Petition Dealings with Defendant POL**

43.     Upon information and belief, Sledziejowski formed Defendant POL in 2002.

44.     Upon information and belief, Sledziejowski was Defendant POL's President and member of Defendant POL's Board of Directors from the time Defendant POL was formed through the Petition Date.

45.     Upon information and belief, Sledziejowski was the 100% owner of Defendant POL from the time Defendant POL was formed through a date in 2009.

46.     According to Defendant POL's tax return for the 2009 through 2011 tax years, Defendant Jerzy, Sledziejowski's father, was the 100% owner of Defendant POL during a date sometime in 2009 through at least 2011.

47.     Upon information and belief, Sledziejowski transferred his ownership interest in Defendant POL to Defendant Jerzy to facilitate the Debtor's and Sledziejowski's ongoing scheme.

48.     At all times relevant, Sledziejowski controlled Defendant POL and the disposition of money from Defendant POL.

49.     According to Defendant POL's 2007 tax return, Defendant POL realized gross receipts of $190,621 during the 2007 calendar year (the "2007 Tax Return Income").

50.     According to Defendant POL's 2008 tax return, Defendant POL realized gross receipts of $81,000 during the 2008 calendar year (the "2008 Tax Return Income").

51.     According to Defendant POL's 2009 tax return, Defendant POL realized gross receipts of $74,355 during the 2009 calendar year (the "2009 Tax Return Income").

7

52.     According to Defendant POL's 2010 tax return, Defendant POL realized gross receipts of $158,168 during the 2010 calendar year (the "2010 Tax Return Income").

53.     According to Defendant POL's 2011 tax return, Defendant POL realized gross receipts of $140,517 during the 2011 calendar year (the "2011 Tax Return Income" and collectively with the 2007 Tax Return Income, the 2008 Tax Return Income, the 2009 Tax Return Income and the 2010 Tax Return Income, the "Tax Return Income").

54.     According to Defendant POL's tax returns for the 2007 through 2011 tax years, Defendant POL's place of business was its accountant's office.

55.     Upon information and belief, the Tax Return Income was income earned by the Debtor or TWS, other companies owned and controlled by Sledziejowski.

56.     Upon information and belief, Defendant POL used the address of Sledziejowski's parent's residence as its principal place of business.

57.     Upon information and belief, Defendant POL did not conduct any legitimate business from 2007 through at least 2011.

58.     Upon information and belief, Defendant POL never had any income from a source other than Sledziejowski or companies owned or controlled by Sledziejowski.

59.     Defendant POL and the Debtor had no legitimate business relationship.

60.     The Debtor had no proper legal business purpose.

61.     Defendant POL had no proper legal business purpose.

62.     Defendant POL and the Debtor did not operate as separate entities.

63.     The Debtor paid the debts of Defendant POL.

64.     The Debtor funneled its money and property to, or for the benefit of, Defendant POL.

8

65. The Debtor satisfied liabilities and/or obligations on behalf of Defendant POL and received no consideration in exchange.

66. Up to and including May 10, 2013, the Debtor, through Sledziejowski, exercised complete control and domination of the finances, policy and business practices of Defendant POL to such an extent that Defendant POL had no separate mind, will or existence of its own.

67. Up to and including May 10, 2013, Defendant POL and the Debtor did not maintain corporate formalities.

68. Up to and including May 10, 2013, the Debtor treated Defendant POL's property as property of its own.

69. Up to and including May 10, 2013, the Debtor paid certain debts on behalf of Defendant POL without receiving any consideration in return.

70. Debtor paid Defendant POL's corporate existence fees to the Delaware Secretary of State.

71. Defendant POL and the Debtor were treated as one and the same entity for purposes of liabilities incurred by Defendant POL.

**D.    The Transfers Made by the Debtor to Defendants**

72. From the period of no later than June 9, 2008 through no earlier than May 21, 2012, within six (6) years prior to the Petition Date, Sledziejowski caused the Debtor to remit no less than thirty-two (32) transfers, currently known to the Trustee, in the aggregate amount of $259,587.36 (collectively, the "Transfers") directly to, or for the benefit of, Defendant POL, and upon information and belief, indirectly to Sledziejowski, Defendant Jerzy and Defendant Wrobel.

9

73.    To the extent known by the Trustee, the payment date, payment beneficiary, payment method, check number (if applicable) and payment amount of each Transfer is as follows:

| Payment Date | Payment Beneficiary | Payment Method | Check Number | Payment Amount |
|---|---|---|---|---|
| 6/09/08 | POL Marketing, Inc. | Check | 1005 | $10,000.00 |
| 11/18/08 | POL Marketing, Inc. | Check | 1017 | $25,000.00 |
| 1/19/09 | POL Marketing, Inc. | Check | 1031 | $7,500.00 |
| 2/6/09 | POL Marketing | Wire | N/A | $10,000.00 |
| 4/20/09 | POL Marketing, Inc. | Check | 1057 | $5,000.00 |
| 5/08/09 | POL Marketing, Inc. | Check | 1059 | $15,000.00 |
| 7/09/09 | POL Marketing, Inc. | Check | 1077 | $5,000.00 |
| 8/19/09 | POL Marketing, Inc. | Check | 1093 | $6,000.00 |
| 8/27/09 | Delaware Secretary of State (POL Marketing Inc. 07-08 tax and renewal) | Check | 1098 | $553.36 |
| 11/04/09 | POL Marketing, Inc. | Check | 1116 | $7,500.00 |
| 12/7/09 | Self Reliance FCU (POL Marketing Inc.) | Wire | N/A | $18,000.00 |
| 1/05/10 | POL Marketing, Inc. | Check | 1149 | $12,550.00 |
| 5/26/10 | POL Marketing, Inc. | Check | 1179 | $3,500.00 |
| 6/20/10 | POL Marketing, Inc. | Check | 1183 | $2,000.00 |
| 6/30/10 | POL Marketing Inc. | Wire | N/A | $5,000.00 |
| 7/19/10 | POL Marketing Inc. | Wire | N/A | $5,000.00 |
| 9/21/10 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $6,000.00 |
| 10/5/10 | Self Reliance N.Y. F.C.U. (POL | Wire | N/A | $2,850.00 |

| Payment Date | Payment Beneficiary | Payment Method | Check Number | Payment Amount |
|---|---|---|---|---|
| | Marketing Inc.) | | | |
| 10/20/10 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $22,250.00 |
| 10/26/10 | POL Marketing Inc. | Wire | N/A | $1,650.00 |
| 11/4/10 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $1,465.00 |
| 1/4/11 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $18,600.00 |
| 1/10/11 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $21,700.00 |
| 3/8/11 | Self Reliance N.Y. F.C.U. (POL Marketing Inc.) | Wire | N/A | $8,750.00 |
| 4/6/11 | POL Marketing Inc. | Wire | N/A | $4,250.00 |
| 5/25/11 | POL Marketing Inc. | Wire | N/A | $10,000.00 |
| 5/26/11 | POL Marketing Inc. | Wire | N/A | $2,275.00 |
| 6/2/11 | POL Marketing Inc. | Wire | N/A | $5,270.00 |
| 6/30/11 | POL Marketing Inc. | Check | 1014 | $6,400.00 |
| 8/23/11 | POL Marketing Inc. | Check | 1033 | $4,278.00 |
| 12/22/11 | POL Marketing Inc. | Check | 1058 | $2,626.00 |
| 5/21/12 | POL Marketing Inc. | Wire | N/A | $3,620.00 |
| | | | **Total** | **$259,587.36** |

74.      Upon information and belief, the Debtor made each Transfer in furtherance of the mentioned scheme spearheaded by Sledziejowski through the Debtor.

75.      By each of the Transfers, the Debtor transferred an interest of its property to, or for the benefit of, Defendant POL.

76.     Sledziejowski caused the Debtor to remit each of the Transfers to, or for the direct benefit of, Defendant POL.

77.     Sledziejowski directed the Debtor to make the Transfers to, or for the benefit of, Defendant POL.

78.     After Sledziejowski caused the Debtor to make the Transfers to, or for the benefit of, Defendant POL, Sledziejowski caused Defendant POL to further transfer such monies to, or for the benefit of, Defendant Jerzy and/or Defendant Wrobel.

79.     Sledziejowski directed Defendant POL to further transfer such monies to, or for the benefit of, Defendant Jerzy and/or Defendant Wrobel.

80.     Sledziejowski knew his scheme to defraud was going to be utilized to ultimately transfer monies to, or for the benefit of, Defendant Jerzy and/or Defendant Wrobel.

81.     The Defendants either received each of the Transfers or received the benefit of each of the Transfers.

82.     The Defendants allowed the Debtor to make the Transfers.

83.     The Defendants accepted each of the Transfers or the benefit resulting from each of the Transfers from the Debtor.

84.     The Defendants should not have accepted any of the Transfers or related benefits from the Debtor.

85.     Upon information and belief, the Defendants did not provide reasonably equivalent value in exchange for any of the Transfers.

86.     Upon information and belief, the Defendants did not provide fair consideration in exchange for any of the Transfers.

12

87.     Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for any of the Transfers.

88.     Upon information and belief, the Debtor did not receive fair consideration in exchange for any of the Transfers.

89.     Sledziejowski used Defendant POL as a vehicle to funnel money from the Debtor to mask the illegitimacy of each Transfer.

90.     Each of the Transfers was not made for a legitimate business purpose.

91.     Upon information and belief, Defendant Jerzy had a no-show job for Defendant POL.

92.     Upon information and belief, Defendant Jerzy does not speak English.

93.     Upon information and belief, Defendant Wrobel had a no-show job for Defendant POL.

94.     Upon information and belief, neither Defendant Jerzy, nor Defendant Wrobel provided any consideration to the Debtor or Defendant POL in exchange for the monies transferred to them, or for their benefit, by Defendant POL.

95.     Neither Defendant Jerzy, nor Defendant Wrobel accepted the transfer, or the benefit, of such monies from Defendant POL in good faith.

96.     Upon information and belief, Defendant Jerzy and Defendant Wrobel knew of the voidability of the Transfers made to Defendant POL.

97.     Upon information and belief, Defendant Jerzy and Defendant Wrobel knew of the voidability of the transfers made by Defendant POL to themselves.

98.     Upon information and belief, the Debtor made each of the Transfers to avoid satisfying obligations owed to its existing creditors that existed at the time of each of the Transfers.

99.     Upon information and belief, the Debtor made each of the Transfers to the Defendants with actual intent to hinder, delay and/or defraud the Debtor's creditors.

100.    Upon information and belief, at all times relevant, the Debtor was insolvent.

101.    Upon information and belief, at all times relevant, the Debtor was unable to pay its debts as they became due in the usual course of the Debtor's business.

102.    Upon information and belief, the Debtor's inability to pay its debts as they came due continued through the Petition Date.

103.    Upon information and belief, at all times relevant, the Debtor intended to incur debts beyond its ability to pay as they came due.

104.    Upon information and belief, at all times relevant, the Debtor was left with unreasonably small capital.

105.    Upon information and belief, there are transfers of property, other than the Transfers, that the Debtor made to, or for the benefit of, the Defendants, which the Trustee reserves the right to assert up to the date of trial.

106.    Upon information and belief, other than the Transfers, the Defendants received transfers of property or the benefits of such transfers, from the Debtor at all times relevant.

107.    The Debtor had unsecured creditors at the time of the Transfers who were also creditors as of the Petition Date.

108.    At all times relevant, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Petition Date.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Conveyance Pursuant to
### <u>11 U.S.C. §§ 548(a)(1)(A) and 550)</u>

109.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "108" as if fully set forth herein.

110.    With respect to the Transfers made or incurred by the Debtor on or after May 10, 2011 (collectively, the "Two Year Transfers"), such Two Year Transfers were made within two (2) years of the Petition Date.

111.    By each of the Two Year Transfers, the Debtor transferred an interest of the Debtor in property.

112.    The Debtor made each of the Two Year Transfers with actual intent to hinder, delay or defraud at least one entity to which the Debtor was, at the time of each Two Year Transfer, or became, after each Two Year Transfer, indebted.

113.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Two Year Transfers; (b) in an amount not less than $34,469.00, the amount of the Two Year Transfers known at this time, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Conveyance Pursuant to
### <u>11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(I) and 550)</u>

114.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "113" as if fully set forth herein.

115.    The Two Year Transfers were made within two (2) years of the Petition Date.

116.    By each of the Two Year Transfers, the Debtor transferred an interest of the Debtor in property.

117.    Each of the Two Year Transfers was made for less than reasonably equivalent value.

118.    The Debtor was insolvent at the time of each of the Two Year Transfers or became insolvent as a result of such Transfers.

119.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Two Year Transfers; (b) in an amount not less than $34,469.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(II) and 550)

120.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "119" as if fully set forth herein.

121.    The Two Year Transfers were made within two (2) years of the Petition Date.

122.    By each of the Two Year Transfers, the Debtor transferred an interest of the Debtor in property.

123.    Each of the Two Year Transfers was made for less than reasonably equivalent value.

124.    At the time each of the Two Year Transfers was made, the Debtor was engaged or was about to engage in business for which any property remaining with the Debtor was unreasonably small capital.

16

125.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Two Year Transfers; (b) in an amount not less than $34,469.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Fraudulent Conveyance Pursuant to
11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(III) and 550)

126.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "125" as if fully set forth herein.

127.    The Two Year Transfers were made within two (2) years of the Petition Date.

128.    By each of the Two Year Transfers, the Debtor transferred an interest of the Debtor in property.

129.    Each of the Two Year Transfers was made for less than reasonably equivalent value.

130.    At the time of each of the Two Year Transfers, the Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

131.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Two Year Transfers; (b) in an amount not less than $34,469.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law §273)

17

132.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "131" as if fully set forth herein.

133.    Within six years of the Petition Date, the Debtor made each of the Transfers of property to the Defendants.

134.    Each of the Transfers was made while the Debtor was insolvent.

135.    The Debtor did not receive fair consideration for any of the Transfers.

136.    Each of the Transfers constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 273.

137.    The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of each of the Transfers.

138.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §273, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

**SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 274)**

139.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "138" as if fully set forth herein.

140.    Within six years of the Petition Date, the Debtor made each of the Transfers of property to the Defendants.

141.    At the time of each of the Transfers to the Defendants, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in the possession of the Debtor after each of the Transfers was unreasonably small capital.

142.    The Debtor did not receive fair consideration for any of the Transfers.

143.    Each of the Transfers constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 274.

144.    The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of each of the Transfers.

145.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §274, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
#### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 275)

146.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "145" as if fully set forth herein.

147.    Within six years of the Petition Date, the Debtor made each of the Transfers of property to the Defendants.

148.    At the time of each of the Transfers, the Debtor intended to, or believed that it would, incur debts beyond its ability to pay as they matured.

149.    The Debtor did not receive fair consideration for any of the Transfers.

150.     Each of the Transfers constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

151.     The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of each of the Transfers.

152.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 275, Plaintiff may avoid the Transfers and is entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
#### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 276)

153.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "152" as if fully set forth herein.

154.     Within six years of the Petition Date, the Debtor made each of the Transfers of property to the Defendants.

155.     The Debtor made each of the Transfers to the Defendants with actual intent to hinder, delay or defraud the Debtor's creditors.

156.     Each of the Transfers constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

157.     The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of each of the Transfers.

158.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 276, Plaintiff may avoid the Transfers and is

entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not

less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees

pursuant to applicable law, including New York State Debtor and Creditor Law § 276-a, and

costs, and such other amounts as may be determined by the Court.

### NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
#### (Attorneys Fees Pursuant to 11 U.S.C. §§ 544(b),
#### 550 and 551 and New York Debtor and Creditor Law § 276-a)

159.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through

"158" as if set forth fully herein.

160.    The Transfers were made by the Debtor with the actual intent to hinder, delay, or

defraud present or future creditors of the Debtor.

161.    The Transfers were received by the Defendants with the actual intent to hinder,

delay, or defraud present or future creditors of the Debtor.

162.    The Transfers constitute fraudulent transfers of the Debtor's assets in violation of

New York State Debtor and Creditor Law § 276.

163.    By reason of the foregoing, the Plaintiff is entitled to a judgment against the

Defendants, under New York State Debtor and Creditor Law § 276-a, for reasonable attorneys'

fees in an amount to be determined by the Court in connection with the prosecution of this

action.

### TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
#### (Civil Conspiracy)

164.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through

"163" as if set forth fully herein.

165.    The Defendants and Sledziejowski were engaged in a course of action intended to

defraud the Debtor's creditors.

166.    The Transfers were to insiders and are fraudulent conveyances pursuant to Bankruptcy Code §§ 548 and 550, and New York State Debtor and Creditor Law §§ 273, 274, 275, and 276.

167.    Upon information and belief, each of the Defendants conspired together and intentionally participated in this course of action.

168.    Upon information and belief, the Transfers were overt and furthered the conspiracy to defraud the Debtor's creditors.

169.    Upon information and belief, the Defendants intended to participate in the conspiracy to defraud the Debtor's creditors by accepting, and enjoying the benefits of, the Transfers at the expense of the Debtor's creditors.

170.    Creditors of the Debtor were harmed as a result of Defendants' participation in this course of action.

171.    As a result of the Defendants' conspiracy to defraud the Debtor's creditors, the Debtor's creditors and the Debtor's bankruptcy estate were deprived of the value of the Transfers.

172.    By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendants in an amount not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT POL
### (Alter Ego)

173.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "172" as if set forth fully herein.

174.     Up to and including May 10, 2013, the Debtor, through Sledziejowski, exercised complete control and domination of the finances, policy and business practices of Defendant POL to such an extent that Defendant POL had no separate mind, will or existence of its own.

175.     Up to and including May 10, 2013, Defendant POL and the Debtor did not maintain corporate formalities.

176.     Up to and including May 10, 2013, the Debtor treated Defendant POL's property as property of its own.

177.     Up to and including May 10, 2013, the Debtor paid certain debts on behalf of Defendant POL without receiving any consideration in return.

178.     Debtor paid Defendant POL's corporate existence fees to the Delaware Secretary of State.

179.     Defendant POL and the Debtor were treated as one and the same entity for purposes of liabilities incurred by Defendant POL.

180.     Defendant POL operated as the alter ego of the Debtor, and the corporate entity should be disregarded.

181.     By reason of the foregoing, Plaintiff is entitled to an order and judgment declaring that Defendant POL is the alter ego of the Debtor.

182.     By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendant POL in an amount not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

## TWELFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Turnover Pursuant to 11 U.S.C. § 542(a))

183.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "182" as if fully set forth herein.

184.    The Defendants did not provide consideration to the Debtor for any of the Transfers.

185.    The Debtor made the Transfers with actual intent to hinder, delay and/or defraud its creditors.

186.    The Transfers were made while the Debtor was insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

187.    The Transfers are fraudulent conveyances, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 548, 550, 551 and New York State Debtor and Creditor Law §§ 270, et seq.

188.    Each of the Transfers constitutes property of the Debtor's estate pursuant to Bankruptcy Code § 541(a).

189.    Based on the foregoing, the Court should compel the Defendants to turn over all property of the Debtor, including without limitation, the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors.

## THIRTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Accounting Pursuant to 11 U.S.C. § 542(a))

190.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "189" as if fully set forth herein.

191.    The Defendants have retained each of the Transfers for which no consideration was given to the Debtor.

192.    The Debtor made the Transfers with actual intent to hinder, delay and/or defraud its creditors.

193.    The Transfers were made while the Debtor was insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

194.    The Transfers are fraudulent conveyances, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 548, 550, 551 and New York State Debtor and Creditor Law §§ 270, et seq.

195.    Each of the Transfers constitutes property of the Debtor's estate pursuant to Bankruptcy Code § 541(a).

196.    By reason of the foregoing, Plaintiff is entitled to an accounting of: (a) any and all payments made by the Debtor to or for the benefit of the Defendants; and (b) the reasons for each of the Defendants' retention of all funds paid by the Debtor to, or for the benefit of, the Defendants during the period of January 1, 2008 through the present.

### FOURTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Monies Had and Received)

197.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "196" as if fully set forth herein.

198.    The Defendants received and retained each of the Transfers.

199.    The Defendants did not provide consideration to the Debtor for any of the Transfers.

200.    Accordingly, the Defendants are not entitled to retain any of the Transfers.

201.    By reason of the foregoing, the Plaintiff is entitled to an award against Defendants in an amount to be determined at trial, which amount is not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

## FIFTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Unjust Enrichment)

202.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "201" as if fully set forth herein.

203.    The Defendants received or obtained the benefit of each of the Transfers from the Debtor.

204.    The Defendants did not give the Debtor consideration in exchange for any of the Transfers.

205.    The Defendants failed to return each of the Transfers to the Plaintiff or the Debtor.

206.    It would be unjust to allow the Defendants to retain any of the Transfers because the Defendants did not provide consideration to the Debtor in exchange for any of the Transfers.

207.    By reason of the foregoing, the Plaintiff is entitled to an award against Defendants in an amount to be determined at trial, which amount is not less than $259,587.36, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against Defendants and award the following relief:

i.        On the First, Second, Third, and Fourth Claims for Relief, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $34,469.00, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts;

ii.        On the Fifth, Sixth, Seventh, and Eighth Claims for Relief, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $259,587.36, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts;

iii.        On the Ninth Claim for Relief, against the Defendants, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

iv.        On the Tenth, Fourteenth and Fifteenth Claims for Relief, for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $259,587.36, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts;

v.        On the Eleventh Claim for Relief, against Defendant POL, declaring that Defendant POL is the alter ego of the Debtor and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $259,587.36, as well as any additional

27

amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of Defendant POL to prevent transfers therefrom in the foregoing amounts;

vi.     On the Twelfth Claim for Relief, directing the Defendants to turn over all property of the Debtor, including without limitation, the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors;

vii.    On the Thirteenth Claim for Relief, an accounting of: (a) any and all payments made by the Debtor for or on behalf of the Defendants; and (b) the reasons for each of the Defendants' retention of all funds paid by the Debtor to, or for the benefit of, the Defendants during the period of January 1, 2008 through the present;

viii.   On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

ix.     On all claims, awarding attorneys' fees as allowed by law;

x.      On all claims, allowing punitive damages, as allowed by law; and

xi.     On all claims, awarding such other and further relief as may appear just and proper.

Dated: February 21, 2014
       Wantagh, New York

                          **LAMONICA HERBST & MANISCALCO, LLP**
                          Counsel to Marianne T. O'Toole, Chapter 7
                          Trustee of the Estate of Innovest Holdings, LLC

                          By:    *s/ Joseph S. Maniscalco*
                                 Joseph S. Maniscalco, Esq.
                                 Nicholas C. Rigano, Esq.
                                 3305 Jerusalem Avenue, Suite 201
                                 Wantagh, New York 11793
                                 Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Innovest Holdings, LLC\POL Marketing Adversary Action\Pol Marketing Complaint v3.docx*