| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Joseph S. Maniscalco, Esq.<br>Holly R. Holecek, Esq. | Hearing Date: May 29, 2015 at 11:00 a.m.<br>Objection Deadline: May 22, 2015 by 5:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:                                                                    Chapter 7

ROMAN SLEDZIEJOWSKI,                                                      Case No.: 13-22050 (RDD)

                Debtor.
-------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF ROMAN SLEDZIEJOWSKI,

                Plaintiff,                                Adv. Pro. No.: 13-08317 (SHL)

-against-

MONIKA WROBEL, RML DEVELOPMENT, INC., JACRS, LLC, MLR DEVELOPMENT, INC., POL MARKETING, INC., JERZY SLEDZIEJOWSKI, ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA S. KARABA, VIET HA DO, LAWRENCE W. JACKSON, ESQ., JANE DOE "1" through "10" and JOHN DOE "1" through "10",

                Defendants.
-------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF ROMAN SLEDZIEJOWSKI,

                Plaintiff,                                Adv. Pro. No.: 15-08200 (SHL)

   -against-

JERZY K. SLEDZIEJOWSKI a/k/a JERZY SLEDZIEJOWSKI, ELZBIETA SLEDZIEJOWSKA a/k/a ELZBIETA SLEDZIEJOWSKI,

                Defendants.
-------------------------------------------------------------------------x

------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF ROMAN
SLEDZIEJOWSKI,

                                                                  Adv. Pro. No.: 15-08205 (SHL)

        Plaintiff,

   -against-

ELZBIETA SLEDZIEJOWSKA a/k/a ELZBIETA
SLEDZIEJOWSKI,

        Defendant.
------------------------------------------------------------------------x
In re:
Chapter 7

INNOVEST HOLDINGS, LLC,                      Case No.: 13-22748 (RDD)

        Debtor.
------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

        Plaintiff,                    Adv. Pro. No.: 14-08208-SHL
   -against-

POL MARKETING, INC., JERZY SLEDZIEJOWSKI,
and MONIKA WROBEL,

        Defendants.
------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,   Adv. Pro. No.: 14-08207-SHL

        Plaintiff,

   -against-

ELZBIETA SLEDZIEJOWSKI,

        Defendant.
------------------------------------------------------------------------x

14-08208-shl    Doc 39    Filed 05/08/15    Entered 05/08/15 14:46:20    Main Document
Pg 3 of 20

```
---------------------------------------------------------------------x
```
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,    Adv. Pro. No.: 14-08206-SHL

        Plaintiff,

    -against-

BERNADETA SLEDZIEJOWSKI,

        Defendant.
```
---------------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION SEEKING ENTRY OF AN ORDER APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF SETTLEMENT AMONG THE CHAPTER 7 TRUSTEE AND ELZBIETA SLEDZIEJOWSKA, JERZY SLEDZIEJOWSKI, BERNADETA SLEDZIEJOWSKA, POL MARKETING, INC. AND MLR DEVELOPMENT, INC.**

     **PLEASE TAKE NOTICE**, that, on **May 29, 2015 at 11:00 a.m.**, a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court, The Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601-4140 (the "Bankruptcy Court") on the motion of Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estates of Roman Sledziejowski and Innovest Holdings, LLC, through her counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order: (I) approving a stipulation among the Trustee and Elzbieta Sledziejowska, Jerzy Sledziejowski, Bernadeta Sledziejowska, POL Marketing, Inc., and MLR Development, Inc; and (b) granting such other and further relief as the Court deems just and proper (the "Motion").

     **PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with Chapter 11 of Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Bankruptcy Court no later than **May 22, 2015 by 5:00 p.m.** as

follows: (I) through the Bankruptcy Court's electronic filing system (in accordance with Orders No. 473), which may be accessed through the internet at the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF form on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

Dated: May 8, 2015
      Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of
                              Roman Sledziejowski and Innovest Holdings, LLC

            By:    *s/ Joseph S. Maniscalco*
                     Joseph S. Maniscalco, Esq.
                     Holly R. Holecek, Esq.
                     3305 Jerusalem Avenue
                     Wantagh, New York 11793
                     Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re:                                                                                        Chapter 7

ROMAN SLEDZIEJOWSKI,                                           Case No.: 13-22050 (RDD)

        Debtor.
---------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF ROMAN
SLEDZIEJOWSKI,

        Plaintiff,                                  Adv. Pro. No.: 13-08317 (SHL)

-against-

MONIKA WROBEL, RML DEVELOPMENT, INC., JACRS, LLC, MLR DEVELOPMENT, INC., POL MARKETING, INC., JERZY SLEDZIEJOWSKI, ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA S. KARABA, VIET HA DO, LAWRENCE W. JACKSON, ESQ., JANE DOE "1" through "10" and JOHN DOE "1" through "10",

        Defendants.
---------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF ROMAN
SLEDZIEJOWSKI,

                                                      Adv. Pro. No.: 15-08200 (SHL)

        Plaintiff,

-against-

JERZY K. SLEDZIEJOWSKI a/k/a JERZY SLEDZIEJOWSKI, ELZBIETA SLEDZIEJOWSKA a/k/a ELZBIETA SLEDZIEJOWSKI,

        Defendants.
---------------------------------------------------------------------x

5

------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF ROMAN
SLEDZIEJOWSKI,

                                                                                   Adv. Pro. No.: 15-08205 (SHL)

        Plaintiff,

  -against-

ELZBIETA SLEDZIEJOWSKA a/k/a ELZBIETA
SLEDZIEJOWSKI,

        Defendant.
------------------------------------------------------------------------x
In re:
Chapter 7

INNOVEST HOLDINGS, LLC,                         Case No.: 13-22748 (RDD)

        Debtor.
------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

        Plaintiff,                       Adv. Pro. No.: 14-08208-SHL
    -against-

POL MARKETING, INC., JERZY SLEDZIEJOWSKI,
and MONIKA WROBEL,

        Defendants.
------------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,   Adv. Pro. No.: 14-08207-SHL

        Plaintiff,

  -against-

ELZBIETA SLEDZIEJOWSKI,

        Defendant.
------------------------------------------------------------------------x

```
---------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,          Adv. Pro. No.: 14-08206-SHL

                              Plaintiff,

              -against-

BERNADETA SLEDZIEJOWSKI,

                              Defendant.
---------------------------------------------------------------x
```

**MOTION SEEKING ENTRY OF AN ORDER APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF SETTLEMENT AMONG THE CHAPTER 7 TRUSTEE AND ELZBIETA SLEDZIEJOWSKA, JERZY SLEDZIEJOWSKI, BERNADETA SLEDZIEJOWSKA, POL MARKETING, INC. AND MLR DEVELOPMENT, INC.**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estates of Roman Sledziejowski ("Sledziejowski") and Innovest Holdings, LLC ("Innovest" and, together with Sledziejowski, the "Debtors"), through her counsel, LaMonica Herbst & Maniscalco, LLP, hereby seeks the entry of Order: (I) approving the stipulation of settlement (the "Stipulation"), a copy of which is Exhibit A, among the Trustee and Elzbieta Sledziejowska ("Elzbieta"), Jerzy Sledziejowski ("Jerzy"), Bernadeta Sledziejowska ("Bernadeta"), POL Marketing, Inc. ("POL") and MLR Development, Inc. ("MLR" and, together with the Trustee, Elzbieta, Jerzy, Bernadeta and POL, the "Parties"), and (II) granting such other and further relief as the Court deems just and proper, and respectfully sets forth as follows:

## BACKGROUND

**I.    The Bankruptcy Filings and Appointment of the Trustee**

1.    On January 15, 2013 (the "Sledziejowski Petition Date"), Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. By Order dated March 27,

2013, the Court directed the appointment of a Chapter 11 Trustee [Case No. 13-22050, Dkt. No. 16]. By Notice of Appointment of Chapter 11 Trustee dated March 28, 2013, the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 28]. By Order dated March 28, 2013, the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 31].

2. By Stipulation and Order dated April 15, 2013, Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013 [Case No. 13-22050, Dkt. No. 50]. By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 52]. On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors and, by operation of law, Marianne T. O'Toole became the permanent trustee of Sledziejowski's estate.

3. On May 10, 2013 (the "Innovest Petition Date"), Innovest commenced a case under chapter 7 of the Bankruptcy Code. On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors for Innovest and, by operation of law, Marianne T. O'Toole became the permanent trustee of Innovest's estate.

4. On August 29, 2013, RML Development Inc. ("RML") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee. RML's Chapter 11 case was transferred to this Court in accordance with an Order dated November 20, 2014 and is pending under case no. 15-22066.

8

5.  On September 23, 2013, the following proofs of claim were filed against Sledziejowski's estate: (a) a proof of claim in the amount of $307,171.00 was filed on behalf of Elzbieta and Jerzy [Case No. 13-22050, claim no. 41-1] ("Sledziejowski Claim 41"); (b) a proof of claim in the amount of $404,191.00 was filed on behalf of Elzbieta and Jerzy [Case No. 13-22050, claim no. 42-1] ("Sledziejowski Claim 42"); (c) a proof of claim in the amount of $240,000.00 was filed on behalf of Elzbieta and Jerzy [Case No. 13-22050, claim no. 43-1] ("Sledziejowski Claim 43"); and (d) a proof of claim in the amount of $33,600.00 was filed on behalf of POL [Case No. 13-22050, claim no. 44-1] ("Sledziejowski Claim 44").

## II.    The Sledziejowski Adversary Actions

6.  Jerzy and Elzbieta are Sledziejowski's parents. Bernadeta is Sledziejowski's sister. In the years prior to the Sledziejowski Petition Date, Sledziejowski was the 100% owner of MLR.

7.  On July 10, 2013, the Trustee commenced an adversary proceeding against, among others, Elzbieta, Jerzy, POL and MLR by which the Trustee seeks to, among other things, avoid various alleged fraudulent transfers made by Sledziejowski, primarily in the months leading up to the Sledziejowski Petition Date, and to recover property of Sledziejowski's estate (the "Sledziejowski Adversary Proceeding") [Adv. Pro. No. 13-8317, Dkt. No. 1].

8.  Among other transfers, the Trustee seeks to avoid Sledziejowski's transfer of his 100% ownership interest in MLR to Elzbieta and Jerzy.

9.  By Order dated July 10, 2013, the Court scheduled a hearing on shortened notice and, among other things, temporarily restrained, among others, Elzbieta, Jerzy, POL and MLR from transferring, hypothecating, encumbering or otherwise disposing of certain assets [Adv. Pro. No. 13-8317, Dkt. No.5]. At a hearing held on July 19, 2013, the Court, among other things,

9

approved the Trustee's request for a preliminary injunction to prevent, among others, Elzbieta, Jerzy, POL and MLR from transferring, hypothecating, encumbering or otherwise disposing of certain assets, which relief was memorialized in an Order dated August 22, 2013 (the "Preliminary Injunction Order") [Adv. Pro. No. 13-8317, Dkt. No. 38].

10. On August 7, 2013, the Trustee filed an amended complaint in the adversary proceeding (the "Amended Sledziejowski Complaint"). On September 27, 2013, an answer to the Amended Sledziejowski Complaint was filed on behalf of Elzbieta, Jerzy, POL and MLR [Adv. Pro. No. 13-8317, Dkt. No. 46].

11. In the course of her investigation into Sledziejowski's financial affairs, the Trustee determined that Elzbieta and Jerzy received a transfer from Sledziejowski prior to the Sledziejowski Petition Date totaling $237,500.00 (the "Sledziejowski Elzbieta and Jerzy Transfer"). The Trustee asserted that the Sledziejowski Elzbieta and Jerzy Transfer was recoverable from Elzbieta and Jerzy pursuant to, among others, Bankruptcy Code §§ 548 and 550.

12. On January 12, 2015, the Trustee commenced an adversary proceeding against Elzbieta and Jerzy by which the Trustee seeks to avoid the Sledziejowski Elzbieta and Jerzy Transfer (the "Sledziejowski Elzbieta and Jerzy Adversary Proceeding") [Adv. Pro. No. 15-8200, Dkt. No. 1]. On February 20, 2015, an answer was filed on behalf of Elzbieta and Jerzy in the Sledziejowski Elzbieta and Jerzy Adversary Proceeding [Adv. Pro. No. 15-8200, Dkt. No. 4].

13. In the course of her investigation into Sledziejowski's financial affairs, the Trustee determined that Elzbieta received transfers from Sledziejowski within one year of the Sledziejowski Petition Date totaling at least $50,000.00 (collectively, the "Sledziejowski

Elzbieta Transfers"). The Trustee asserted that the Sledziejowski Elzbieta Transfers were recoverable from Elzbieta pursuant to, among others, Bankruptcy Code §§ 547, 548 and 550.

14. On January 13, 2015, the Trustee commenced an adversary proceeding against Elzbieta by which the Trustee seeks to avoid the Sledziejowski Elzbieta Transfers (the "Sledziejowski Elzbieta Adversary Proceeding") [Adv. Pro. No. 15-8205, Dkt. No. 1]. On February 20, 2015, an answer was filed on behalf of Elzbieta in the Sledziejowski Elzbieta Adversary Proceeding [Adv. Pro. No. 15-8205, Dkt. No. 4].

### III.    The Innovest Adversary Actions

15. In the course of her investigation into Innovest's financial affairs, the Trustee determined that Bernadeta received transfers from Innovest prior to the Innovest Petition Date totaling at least $55,000.00 (collectively, the "Bernadeta Innovest Transfers"). The Trustee asserted that the Bernadeta Innovest Transfers were recoverable from Bernadeta pursuant to, among others, Bankruptcy Code §§ 548 and 550.

16. On February 21, 2014, the Trustee commenced an adversary proceeding against Bernadeta by which the Trustee seeks to avoid the Bernadeta Innovest Transfers (the "Innovest Bernadeta Adversary Proceeding") [Adv. Pro. No. 14-8206, Dkt. No. 1]. On April 7, 2014, an answer was filed on behalf of Bernadeta in the Innovest Bernadeta Adversary Proceeding [Adv. Pro. No. 14-8206, Dkt. No. 4].

17. In the course of her investigation into Innovest's financial affairs, the Trustee determined that Elzbieta received a transfer totaling $106,165.00 from Innovest prior to the Innovest Petition Date (the "Elzbieta Innovest Transfer"). The Trustee asserted that the Elzbieta Innovest Transfer was recoverable from Elzbieta pursuant to, among others, Bankruptcy Code §§ 548 and 550.

18.     On February 21, 2014, the Trustee commenced an adversary proceeding against Elzbieta by which the Trustee seeks to avoid the Elzbieta Innovest Transfer (the "Innovest Elzbieta Adversary Proceeding") [Adv. Pro. No. 14-8207, Dkt. No. 1]. On April 7, 2014, an answer was filed on behalf of Elzbieta in the Innovest Elzbieta Adversary Proceeding [Adv. Pro. No. 14-8207, Dkt. No. 4].

19.     In the course of her investigation into Innovest's financial affairs, the Trustee determined that POL received various transfers totaling at least $259,587.36 from Innovest prior to the Innovest Petition Date (collectively, the "POL Innovest Transfers"). The Trustee asserted that the POL Innovest Transfers were recoverable from Jerzy and POL pursuant to, among others, Bankruptcy Code §§ 548 and 550.

20.     On February 21, 2014, the Trustee commenced an adversary proceeding against, among others, POL and Jerzy by which the Trustee seeks to avoid the POL Innovest Transfers (the "Innovest POL Adversary Proceeding") [14-8208, Dkt. No. 1]. On April 7, 2014, an answer was filed on behalf of Jerzy and POL in the Innovest POL Adversary Proceeding [14-8208, Dkt. No. 4].

## IV.    RML Development, Inc.

21.     On August 29, 2013, RML Development, Inc. ("RML"), also defendant in the Sledziejowski Adversary Proceeding, filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee.[1]

22.     On December 16, 2013, various proofs of claim were filed against RML's estate, including: (a) a proof of claim in the amount of $53,616.44 was filed on behalf of MLR [Case

---

[1]     On or about January 13, 2015, RML's Chapter 11 case was transferred to the Southern District of New York in accordance with an Order dated November 20, 2014. See Case No. 15-22066, Dkt. No. 284.

12

No. 15-22066, claim no. 12-1] ("RML Claim 12"); (b) a proof of claim in the amount of $17,400.00 was filed on behalf of Elzbieta and Jerzy [Case No. 15-22066, claim no. 14-1] ("RML Claim 14"); and (c) a proof of claim in the amount of $127,675.88 was filed on behalf of Elzbieta and Jerzy [Case No. 15-22066, claim no. 15-1] ("RML Claim 15").

**V.    The MLR Properties**

23.    MLR is the record owner of two parcels of real property located in West Memphis, Arkansas and more particularly identified as Lot 1, Block 6, Sec 1, Holiday Grdn Ext. ("Lot 1") and Lot 2, Block 6, Sec 1, Holiday Grdn Ext. ("Lot 2" and, together with Lot 1, the "MLR Properties").

24.    There are unpaid real estate and school taxes due for the MLR Properties. The outstanding taxes on Lot 1 total $18,434.51 and the outstanding taxes on Lot 2 total $15,690.89, for a total of $34,125.40 (the "MLR Properties Tax Liens"). A tax sale of each of the MLR Properties by the Commission of State Lands, State of Arkansas, is scheduled for May 15, 2015 (the "MLR Properties Tax Sale").

25.    The City of West Memphis is also seeking to condemn the MLR Properties.

26.    As set forth more fully below, the Parties have reached a settlement of the Trustee's claims in the Sledziejowski Adversary Proceeding, the Sledziejowski Elzbieta and Jerzy Adversary Proceeding, the Sledziejowski Elzbieta Adversary Proceeding, the Innovest Bernadeta Adversary Proceeding, the Innovest Elzbieta Adversary Proceeding and the Innovest POL Adversary Proceeding (collectively, the "Adversary Proceedings"), any additional claims against Elzbieta, Jerzy, Bernadeta POL and/or MLR relating to additional transfers from Innovest (if any) and their defenses thereto, the Trustee, Elzbieta, Jerzy, Bernadeta, POL and MLR.

13

**RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

27. By this Motion, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the Debtors' estates and their creditors. The Trustee believes that the settlement falls well above the lowest level of reasonableness and urges the Court to approve the Stipulation.

I. **The Terms of the Settlement**

28. The Stipulation provides that, in full and final settlement of the claims and controversies asserted by the Trustee against Elzbieta, Jerzy, Bernadeta, POL and MLR (collectively, the "Settling Parties") in the Adversary Proceedings and any other claims of the Debtors' estates against the Settling Parties, the Settling Parties shall pay to the Trustee the total sum of $400,000.00 (the "Settlement Sum"). See Exhibit A at 11, § 1.

29. The Stipulation provides that the Settlement Sum shall be paid as follows: (a) $200,000.00 by May 7, 2015 (the "Deposit"); and (b) $200,000.00 no later than December 15, 2015 (the "Payment Deadline"), which shall be paid in equal monthly installments in the amount of $33,333.33 commencing on June 15, 2015 for a total period of five (5) months and one (1) monthly installment payment in the amount of $33,333.35 (the "Installment Payments"). See id. at § 2. The Settling Parties paid the Deposit to the Trustee in accordance with the Stipulation.

30. In light of the MLR Properties Tax Sale scheduled for May 15, 2015, the Stipulation provides as follows:

> . . . the Preliminary Injunction Order shall be modified for the limited purpose of allowing MLR to borrow against the MLR Properties solely to satisfy the MLR Properties Tax Liens in an amount not to exceed $34,125.40 and the Order approving this Stipulation shall provide as follows:

14

> ORDERED, that the Order dated August 22, 2013 [Adv. Pro. No. 13-8317, Dkt. No. 38] is hereby modified for the limited purpose of allowing MLR Development, Inc. to borrow against its real properties identified as Lot 1, Block 6, Sec 1, Holiday Grdn Ext. and Lot 2, Block 6, Sec 1, Holiday Grdn Ext. solely to satisfy the outstanding tax liens against the properties in an amount not to exceed $34,125.40; and, it is further

Exhibit A at 12, § 6.

31. The Stipulation further provides that:

> Upon not less than ten (10) business days' notice to the Trustee and payment of the balance owed of the Settlement Sum at a closing, MLR is authorized to sell the MLR Properties, or borrow against the MLR Properties, solely for the purpose of repaying, in full, any outstanding balance due to the Trustee under this Stipulation, at which point the Settling Parties would be released from the Preliminary Injunction Order and the Trustee shall simultaneously submit an *ex parte* Order to the Court vacating the Preliminary Injunction Order as to the Settling Defendants upon payment in full of the Settlement Sum.

Exhibit A at 12, § 7.

32. In order to secure the payment of the Installment Payments, Jerzy, Elzbieta, POL and MLR each executed confessions of judgment in the amount of $550,000.00 (collectively, the "Judgments"). See Exhibit A at 13, § 8. The original Judgments were delivered to Trustee's counsel. In the event the Settling Parties fail to pay any of the Installment Payments in accordance with the Stipulation and fail to cure their default within a prescribed period of time, the Stipulation provides that the Trustee may immediately enforce the Judgments, both in the United States and abroad. See id. at § 10.

33. As a material term of the Stipulation and to induce the Trustee to accept the Settlement Sum, the Settling Parties made certain representations in the Stipulation, including that they are not holding any assets, directly or indirectly, of Sledziejowski or Innovest. See id. at 14, ¶ 12.

34.     Upon payment in full of either the Settlement Sum, the Stipulation provides for releases by and between the Parties including, but not limited to, a waiver of all claims filed against Sledziejowski's estate and RML's estate on behalf of the Settling Parties. See id. at 14-15, ¶¶ 13, 14.

35.     The above is intended to be only a summary of the more salient terms of the Stipulation. The Trustee respectfully refers the Court and all interested parties to the Stipulation that is Exhibit A for its complete terms and conditions.

## II.     The Stipulation Should Be Approved

36.     Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoef LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

37.     Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

38.     A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting

16

In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007)

39.    The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

40.    In determining whether to enter into the Stipulation, the Trustee carefully considered the various defenses raised by the Settling Parties in the Adversary Proceedings. Among other things, the Settling Parties contended that consideration was exchanged for the

various transfers and provided documents to the Trustee in support thereof. With respect to certain transfers, Jerzy disputed receipt of such transfers. While there was evidence to contradict the Settling Parties' positions, the Trustee was mindful of the uncertainty of litigation and a potential negative outcome. In this regard, the Trustee considered that significant legal fees and expenses have already been incurred in connection with the prosecution of her claims against the Settling Parties and that a trial would necessarily cause the Debtors' estates to incur additional legal fees and expenses.

41. The Trustee also considered the value of the assets transferred to certain of the Settling Parties prior to the Sledziejowski Petition Date, i.e., Sledziejowski's ownership interests in MLR and POL. With respect to POL, collectability was a concern. Documents produced during discovery evidenced that POL likely did not have assets that could be attached and/or liquidated in the event the Trustee obtained a judgment against POL. Collectability was also a concern with respect to MLR, whose main assets appear to consist of the MLR Properties. The MLR Properties are currently uninhabitable; they have been vacant and vandalized for several years. In addition to the scheduled MLR Properties Tax Sale, the MLR Properties are facing condemnation by the City of West Memphis, Arkansas. When balanced against the benefit of a cash payment now without the costs and uncertainty of further litigation against the Settling Parties, the Trustee determined that the settlement embodied in the Stipulation was reasonable.

42. Furthermore, as set forth in the Stipulation, the Settling Parties provided the Trustee with certain representations regarding their assets to induce the Trustee to accept the Settlement Sum. Such representations constitute a material term of the Stipulation and led the Trustee to conclude that the agreement embodied in the Stipulation was in the best interests of the estates and their creditors.

43. With respect to the releases contemplated in the Stipulation, the Trustee considered that the releases were mutual between the Parties and provided the only means by which to resolve the claims by and against the Parties. The releases by the Settling Parties agreed to waive all of their respective rights to receive any distributions from the Debtors' estates and the Stipulation prevents the Settling Parties from asserting any claims against the Debtors' estates or the Trustee. The releases therefore provide finality for the Trustee, the Debtors' estates and their creditors. The Trustee also considered that the releases only take effect upon payment in full of either the Settlement Sum.

44. The Trustee notes that the settlement embodied in the Stipulation was the result of protracted, arm's-length negotiations between the Trustee and the Settling Parties. Throughout the negotiations, the Trustee and the Settling Parties were represented by counsel. As such, the Trustee submits that the settlement was the result of arm's-length bargaining.

45. Based upon the above, the Trustee determined in her business judgment that it was in the best interests of the Debtors' estates and their creditors to enter into the Stipulation. Accordingly, the Trustee recommends its approval.

## NOTICE AND NO PRIOR REQUEST

46. This Motion will be served in accordance with Bankruptcy Rule 2002(a).

47. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, for the reasons stated above, the Trustee respectfully requests that this Court grant the relief requested herein, and grant the Trustee such other and further relief as the Court deems just and proper.

Dated: May 8, 2015
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of Roman Sledziejowski and Innovest Holdings, LLC

By: *s/ Joseph S. Maniscalco*
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Sledziejowski, Roman\Parents Settlement\9019 Motion.docx*